**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 1 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
**Central Division**

| | |
|---|---|
| MARY HENSLEY, | Case No. *4:21CV528-DPM* |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Love Beal & Nixon PC, | |
| Defendant. | This case assigned to District Judge *Marshall* and to Magistrate Judge *Harris* |

Plaintiff Mary Hensley ("Plaintiff"), through her attorneys, alleges the following

against Love Beal & Nixon PC ("Defendant")

## INTRODUCTION

1.      Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692 *et seq*., which prohibits debt collectors from engaging in

abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2.      Jurisdiction of the court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of

the events or omissions giving rise to the claim occurred in this District.

4.      Because Defendant's conduct was aimed at, the effects of their conduct were

suffered in, and they transact business in Arkansas, personal jurisdiction is established

## PARTIES

5.      Plaintiff is a natural person residing in Cleveland County, Arkansas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

*Hensley v. Love Beal & Nixon PC*
*Complaint and Demand for Jury Trial*

7.     Defendant is and holds itself out as a "debt collector" as defined by 15 U.S.C. §1692a(6).

8.     Defendant is an Oklahoma law and is located at 6621 N. Meridian Ave Oklahoma City, OK 73116.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Defendant is attempting to collect an alleged debt from Plaintiff.

11.    Upon information and belief, Synchrony Bank assigned, sold, and/or transferred to Defendant one or more debts owed by Plaintiff.

12.    Upon information and belief, when Synchrony assigned Plaintiff's debts to Defendant, the debts were already in default.

13.    Upon information and belief, when Synchrony assigned Plaintiff's debts to Defendant, Synchrony communicated to Defendant that Plaintiff was represented by Price Law Group, APC and provided their contact information.

14.    Despite having notice that Plaintiff was represented by counsel with respect to her debts to Synchrony, on or about September 9, 2020, Defendant sent Plaintiff a collection letter to collect on a consumer debt originating with Synchrony Bank.

15.    On or about October 15, 2020, Plaintiff's counsel sent Defendant a letter alerting that Defendant was sending collection attempts to Plaintiff in violation of §1692c(a)(2).

*Hensley v. Love Beal & Nixon PC*
*Complaint and Demand for Jury Trial*

16.     Plaintiff's October 15 letter was received by Defendant on October 19.

17.     For a second time, despite having notice that Plaintiff was represented by counsel with respect to her debts to Synchrony, on or about November 3, 2020, Defendant sent Plaintiff a collection letter to collect on a consumer debt originating with Synchrony Bank.

18.     On or about November 16, 2020, for a second time, Plaintiff's counsel sent Defendant a letter alerting that Defendant was sending collection attempts to Plaintiff in violation of §1692c(a)(2).

19.     Plaintiff's November 16 letter was received by Defendant on November 23.

20.     On or about April 15, 2021, Defendant obtained a default judgment against Plaintiff from the Cleveland County District Court.

21.     On or about April 23, 2021, despite having ample notice that Plaintiff was represented by counsel, Defendant sent Plaintiff yet another collection attempt and attached a copy of the default judgment obtained in the Arkansas state court.

22.     Defendant sent Plaintiff at least three collection attempts in violation of §1692c(a)(2).

23.     Each one of Defendant's collection attempts caused Plaintiff stress, confusion, anxiety, and to doubt the advice of her counsel.

24.     Defendant's collection attempts further revived and increased Plaintiff's feelings of despair and helplessness as she is unable to pay.

25.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

*Hensley v. Love Beal & Nixon PC*
Complaint and Demand for Jury Trial

26.     Defendant's conduct induced stress, anxiety, and embarrassment in her daily routines and duties.

27.     Plaintiff has further spent time and money in attempting to resolve the confusion and deception caused by Defendant.

## COUNT I

28.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

29.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a.   By collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j, inclusive.

b.   By communicating with Plaintiff in connection with the collection of any debt when Defendant knew, should have known or could readily ascertain that Plaintiff was represented by an attorney with respect to such debts and had knowledge of such attorney's contact information. §1692c(a)(2).

c.   By engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. §1692d.

d.   By using false, deceptive, or misleading representation or means in connection with the collection of any debt. §1692e.

e.   By using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

*Hensley v. Love Beal & Nixon PC*
Complaint and Demand for Jury Trial

30.     Defendant's acts, as described above, were done knowingly, intentionally or willfully with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs. §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Hensley respectfully requests judgment be entered against Defendant Love, Beal & Nixon P.C. for the following:

A.     Declaratory judgment that Defendant violated the FDCPA;

B.     Actual Damages pursuant to 15 U.S.C. 1692k(a)(1);

C.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k;

D.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3);

E.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F.     Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**David A. Chami**
Bar No. 027585
Attorney for Plaintiff Mary Hensley
Price Law Group, APC
8245 N. 85th Way
Scottsdale, Arizona 85258
Telephone: (818) 600-5515
E-mail: david@pricelawgroup.com